Wilde, J.,
delivered the opinion of the Court to the following effect, at the succeeding May term, in this county.
This is an application to the discretion of the Court for a certio rari, to remove the proceedings of a justice of the peace, upon the complaint of the clerk of a militia company against a private, to recover a fine imposed by statute for neglect of duty.
In every such case, the applicant must be held to show probable cause for supposing that injustice has been done in the court below. This the petitioner has failed to do in the present case; for by his own showing there is no ground * for impeach- [ * 353 ] ing the judgment of the magistrate. To grant a certiorari, therefore, would answer no useful purpose, and would tend only to unnecessary expense to the parties.
The petitioner claims an exemption from militia duty under the statute of 1809, c. 108, he being a member of the society of Quakers or Friends; and having produced a certificate to the commanding officer of the company, conformable, as he contends, to the statute. Two objections have been made to the validity of this certificate; and if either of them is well founded, there is no ground for impeaching the judgment below.
The first objection is, that the certificate was not produced to the commanding officer on or before the first Tuesday of May, as required by the statute. The second is, that the certificate was defective, not containing any averment of the subscribers’ belief, that the petitioner was conscientiously scrupulous of bearing arms.
1. As to the first objection, it has been argued in behalf of the petitioner, that he was not bound to exhibit his certificate, until he had notice of his enrolment; and it was admitted that such notice was not given until after the first Tuesday in May. But this argument derives no support from the statute. The limitation of time as to the production of the certificate, is unqualified by any reference to notice of enrolment. Such notice is not to be expected by any one intending to claim an exemption from militia duty. The commanding officer of a company ought not to be required to enrol those who are entitled to exemption upon the performance of a condition; for the presumption is, that the condition will be performed. If there be a failure in the performance, then, and not until then, it becomes the duty of the captain, or commanding officer of a company, to enrol the person so failing. Whenever a *286 person would entitle himself to a privilege depending on a condition, he must take care to perform it strictly (1). [ * 354 ] *2. The certificate produced is defective both in form and substance. The statute requires that the elders or overseers should certify, in order to entitle any one to exemption from militia duty, that the person claiming the privilege is a member of their society, that he frequently and usually attends with such society for religious worship, and that they believe he is conscientiously scrupulous of bearing arms. This last clause was omitted in the certificate produced by the petitioner; so that the evidence required by the statute, that he is conscientiously scrupulous of bearing arms, has not been produced.
But it has been contended, that it is a fundamental and well-known principle of the sect of Quakers, that it is unlawful to bear arms; and therefore it must be inferred, that every member of that sect has such scruples as the statute requires.
It is, however, certain that the legislature, who passed the law, were not of this opinion. For to guard against fraud, they have required additional and more satisfactory evidence of the existence of such scruples; and the evidence required by the statute cannot be dispensed with, even if other evidence of the fact, equally convincing, had been produced. In this case, however, there is no such evidence. There may be members of the society of Quakers, as well as of other religious societies, who do not believe all the doctrines generally admitted by the society to which they belong. Their parents may have belonged to that society, and they may adhere to it through the influence of habit, and the prejudices of education, without much consideration of the tenets peculiar to the sect. Or they may become members, because in the main they agree better with that sect than with any other. Or they may adopt that form of worship to avoid militia duty ; as some, we have reason to think, have joined other religious societies to avoid the payment of taxes. To prevent, as far as possible, the allowance of exemptions, under the pretence of religious scruples which [ * 355 J do not exist, the legislature * have interposed a check, in the form of the certificate; and this form must be strictly observed.
Upon both grounds, therefore, we think the magistrate decided correctly, and that there is no reason whatever for granting the certiorari prayed for.

Costs for the respondent.

 3 East, 400, Thurtell vs. The Hundred of Mutford.—6 D. & E. 720, Worseley vs Wood.